Oliver H. Goe
Morgan M. Weber
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Ste. 101
P.O. Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile: (406) 443-6882
oliver@bkbh.com
morgan@bkbh.com

*Attorneys for Montana Municipal Interlocal Authority*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA MUNICIPAL INTERLOCAL AUTHORITY,<br><br>    Plaintiff,<br><br>   v.<br><br>GENESIS MANAGEMENT AND INSURANCE SERVICES.<br><br>    Defendant. | Case No. CV-22-03-GF-BMM-JTJ<br><br>**COMPLAINT** |

PLAINTIFF Montana Municipal Interlocal Authority (f/k/a the Montana Municipal Insurance Authority) ("MMIA") by and through its counsel of record alleges as follows:

1

## PARTIES

1. The MMIA is a joint exercise of powers entity established pursuant to an Interlocal Agreement in accordance with the provisions of the Interlocal Cooperation Act, Mont. Code Ann. § 7-11-101 et seq., and Mont. Code Ann. § 2-9-211 for the purpose of providing, among other things, pooled self-insurance and risk coverage programs for its member Montana cities and towns that have executed the Interlocal Agreement. For purposes of diversity of citizenship in accordance with 28 U.S.C. § 1332, the MMIA is a citizen of the state of Montana with both its principal place of business located in Helena, Lewis and Clark County, Montana, and as a Montana corporation.

2. For purposes of diversity of citizenship in accordance with 28 U.S.C. § 1332, Genesis Management and Insurance Services (f/k/a General Reinsurance Corporation) ("Genesis"), based on information and belief, is a company domiciled in Stamford, Connecticut. Genesis provided the MMIA and its Members reinsurance coverage beginning July 1, 1993. The coverage provided is identified as Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability, No. XD-123A (attached as **Exhibit A**) ("Policy").

//

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 USC § 1332 because there is complete diversity of citizenship between the parties and 28 USC §§ 2201 and 2202 based on an actual and justiciable controversy that exists between the parties. The amount in controversy exceeds, exclusive of interest and costs, $346,594.51.

4. Venue is proper in this judicial district under 28 USC § 1391 because a substantial portion of the events giving rise to the claims alleged herein occurred in this judicial district.

## BACKGROUND FACTS

5. On July 23, 1993, Michael Skogen was working as the Police Chief for the City of Fort Benton. On that date, he was shot by a high-powered rifle. The bullet went into his arm pit, through his lung and liver, and entered his T9 vertebra, where it remains today.

6. The MMIA accepted liability for the claim and began paying appropriate indemnity and medical benefits.

7. The City of Fort Benton was a member participant of the MMIA during the policy period (*see* **Exhibit A**).

8. According to the Information Page, MMIA's retention for each accident or each employee for disease is $750,000.00 (attached as **Exhibit B**).

9. The Policy states:

## PART ONE – WORKERS COMPENSATION INSURANCE

A. The Insurer will indemnity the Insured for loss as a qualified self-insurer under the Workers Compensation Law in excess of the Insured's retention stated in Item 6 on the Information Page but not for more than the limit of indemnity stated in Item 7 of the Information Page.

B. Loss means amounts actually paid by the Insured as a self-insurer under the Workers Compensation Law.

C. This insurance applies to losses paid by the Insured as a qualified self-insurer under the Workers Compensation Law for bodily injury by accident or bodily injury by disease including resulting death, provided:

1. the bodily injury by accident occurs during the period this policy is in force;…

…**PART SEVEN – CONDITIONS**

…D. Payment of Loss to Insured:

The Insurer will indemnify the Insured for any loss under this policy as follows:

1. For Part One – Workers Compensation Insurance and Part Three – Other States Insurance – the Insured will pay all benefits required of the Insured by the Workers Compensation Law. The indemnity by the Insurer will be made at monthly intervals after the Insurer has received proofs of payments by the Insured. Workers Compensation awards shall not be settled on a lump sum basis without written consent of the Insurer.

(*see* **Exhibit A, pgs. 2, 7-8**)

10. On August 17, 2018, MMIA gave Genesis notice that it had exceeded the retention and was requesting reimbursement in the amount of $133,719.53. (attached as **Exhibit C**).

11. In response, almost a year later, Genesis initially claimed that it has no excess loss indemnification obligation (attached as **Exhibits D and E**).

12. On March 12, 2020, the MMIA responded to Genesis's October 31, 2019 Reservation of Rights letter (attached as **Exhibit F**). MMIA explained why Genesis was obligated to reimburse it under the Policy and pursuant to Montana law and noted that Genesis' obligation had risen to $328,853.98. No response was received.

13. On September 23, 2020, MMIA sent another correspondence to Genesis demanding reimbursement (attached as **Exhibit G**). It was noted that Genesis's obligations to the MMIA had risen from $328,853.98 to $346,594.51. No response was received.

## COUNT I: BREACH OF CONTRACT

14. The MMIA repeats and re-alleges paragraphs 1 through 13 as if fully set forth herein.

15. The Policy is a binding and enforceable contract.

16. The MMIA fully performed its obligations under the Policy.

17. Genesis breached its obligations under the Policy by failing to reimburse the MMIA for benefits paid above and beyond the retention.

18. The MMIA has been directly and proximately damaged by Genesis's breach, and is entitled to damages in an amount to be proven at trial.

19. As a direct result of Genesis' breach of contract, the MMIA suffered damages in the amount of $346,594.51 plus attorney's fees, all of which continue to accrue.

## COUNT II: BREACH OF GOOD FAITH AND FAIR DEALING

20. The MMIA incorporates and realleges paragraphs 1-19 above as if fully set forth herein.

21. Genesis had an obligation to the MMIA to conduct itself with honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

22. By failing to abide by the terms of the Policy, Genesis acted outside of accepted commercial practices to deprive the MMIA of the benefit of that agreement.

23. Genesis has deprived the MMIA of the benefits of their agreement and Policy, by failing to reimburse the MMIA for its obligation above and beyond the retention.

24. Genesis's breach of the implied covenant of good faith and fair dealing has caused the MMIA damages.

## COUNT III: DECLARATORY RELIEF

25. The MMIA incorporates and realleges paragraphs 1-24 above as if fully set forth herein.

26. Pursuant to the Uniform Declaratory Judgments Act, Mont. Code Ann. §§ 27-8-101, et seq., the MMIA requests this Court to declare the duties and obligations of Genesis pursuant to the Policy.

27. The MMIA requests this Court declare that Genesis has a duty under the Policy to fulfill its obligation and reimburse MMIA for the benefits paid above and beyond the retention, both past and ongoing.

WHEREFORE, the MMIA prays for judgment against Genesis as follows:

1. For compensatory damages in an amount not less than $346,594.51;
2. For prejudgment interest at the prevailing statutory rate;
3. For fees and costs associated with bringing this action; and
4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The MMIA respectfully requests a trial by jury on all issues so triable in this matter.

DATED this 13th day of January, 2022.

                        BROWNING, KALECZYC, BERRY & HOVEN, P.C.

                        By /s/ *Morgan M. Weber*
                            Oliver H. Goe
                            Morgan M. Weber

                        *Attorneys for the Montana Municipal Interlocal Authority*