GENERAL REINSURANCE CORPORATION
Financial Centre
P.O. Box 10350
Stamford, Connecticut 06904-2350

## Excess Insurance Policy
## For Self-Insurer Of
## Workers Compensation and Employers Liability

In return for the payment of the premium and subject to all the terms of this policy, the Insurer agrees with the Insured named in Item 1 of the Information Page as follows:

### GENERAL SECTION

A. **THE POLICY**

This policy includes the Information Page. It is a contract of insurance between the Insured and the Insurer. The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by an endorsement made a part of this policy.

B. **CONTINUOUS POLICY**

This policy is effective at 12:01 a.m. on the effective date stated in Item 3 of the Information Page and will remain in full force and effect until cancelled as provided in Part Seven - Conditions, Paragraph L of this policy. All of the provisions of this policy apply separately to each consecutive 12-month period beginning with the date shown in Item 3 of the Information Page in the same manner as if a separate policy had been written for each such consecutive period.

C. **WHO IS INSURED**

The Insured is named in Item 1 of the Information Page. If the Insured is a partnership or joint venture, each partner or member of the joint venture is insured only in the capacity as employer of employees of the partnership or joint venture.

D. **WORKERS COMPENSATION LAW**

Workers Compensation Law means the workers or workmens compensation law and occupational disease law of each state named in Item 5a of the Information Page. It includes any amendments to that law which are in effect during the term of this policy. It does not include provisions of any law that provides non-occupational disability benefits.

E. **QUALIFIED SELF-INSURER**

The Insured represents that it is a duly qualified self-insurer under the Workers Compensation Law of each state named in Item 5a of the Information Page and will continue to maintain such qualifications during the term this policy is in effect. If the Insured should terminate such qualifications or if qualification of the Insured as a self-insurer is cancelled or revoked while this policy is in force, the amounts payable under this policy will not exceed the amounts which would have been payable if such qualifications had been maintained in full force and effect.

F. **STATE**

State means any state of the United States of America and the District of Columbia.

EXHIBIT A

## PART ONE - WORKERS COMPENSATION INSURANCE

A. The Insurer will indemnify the Insured for loss as a qualified self-insurer under the Workers Compensation Law in excess of the Insured's retention stated in Item 6 on the Information Page but not for more than the limit of indemnity stated in Item 7 of the Information Page.

B. Loss means amounts actually paid by the Insured as a self-insurer under the Workers Compensation Law.

C. This insurance applies to losses paid by the Insured as a qualified self-insurer under the Workers Compensation Law for bodily injury by accident or bodily injury by disease including resulting death, provided:

   1. the bodily injury by accident occurs during the period this policy is in force; or

   2. the bodily injury by disease is caused or aggravated by the conditions of employment by the Insured. The employee's last day of last exposure to those conditions of that employment causing or aggravating such bodily injury by disease must occur during the period this policy is in force.

D. The Insurer will not indemnify the Insured for any payments made by the Insured in excess of benefits regularly required by the Workers Compensation Law if such excess payments are required because:

   1. of serious and wilful misconduct of the Insured;

   2. the Insured employed an employee in violation of law;

   3. the Insured failed to comply with a health or safety law or regulation;

   4. in violation of the Workers Compensation Law, the Insured discharged, coerced, or otherwise discriminated against any employee; or

   5. the Insured violated or failed to comply with any Workers Compensation Law.

E. The Insurer will not indemnify the Insured for any loss arising out of operations for which the Insured has rejected any Workers Compensation Law.

## PART TWO - EMPLOYERS LIABILITY INSURANCE

A. The Insurer will indemnify the Insured as a qualified self-insurer of employers liability for loss in excess of the Insured's retention stated in Item 6 on the Information Page but not for more than the limits of indemnity stated in Item 7 of the Information Page.

B. Indemnity by the Insurer will be made only if the original suit and any related legal actions for damages for bodily injury by accident or disease was brought in the United States of America, its territories or possessions or Canada.

-2-

C. Loss means amounts which the Insured legally paid as damages because of bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

D. This insurance applies to losses paid by the Insured as a qualified self-insurer of employers liability for bodily injury which arises out of and in the course of the injured employee's employment by the Insured, provided:

   1. the bodily injury by accident occurs during the period this policy is in force;

   2. the bodily injury by disease is caused or aggravated by the conditions of employment by the Insured. The employee's last day of last exposure to those conditions of that employment causing or aggravating such bodily injury by disease must occur during the period this policy is in force; and

   the employment is necessary or incidental to work conducted by the Insured in a state listed in Item 5a of the Information Page.

E. **DAMAGES INCLUDE:**

   1. damages for which the Insured is liable to a third party by reason of a claim, suit or proceeding against the Insured to recover damages obtained by an injured employee of the Insured from the third party;

   2. damages for care and loss of services of an injured employee of the Insured;

   3. damages for consequential bodily injury to a spouse, child, parent, brother, or sister of the injured employee of the Insured; and

   provided such damages in 1, 2, and 3 above are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by the Insured; and

   4. damages because of bodily injury to an employee of the Insured arising out of and in the course of employment, claimed against the Insured in a capacity other than as employer.

F. **EMPLOYERS LIABILITY INSURANCE EXCLUDES:**

   1. liability assumed under a contract;

   2. punitive or exemplary damages;

   3. bodily injury to an employee while employed in violation of law;

   4. bodily injury intentionally caused or aggravated by or at the direction of the Insured;

-3-

5. bodily injury occurring outside the United States of America, its territories or possessions, or Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily working outside these countries for the Insured;

6. damages arising out of the Insured's violation of law in the discharge of, coercion of, or discrimination against any employee;

7. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law; or

8. damages arising out of operations for which the Insured:

    (a) has violated or failed to comply with any workers compensation law, or
    (b) has rejected any workers compensation law.

## PART THREE - OTHER STATES INSURANCE

A. This policy applies in other states not shown in Item 5a of the Information Page if an employee of the Insured is injured in such a state and if the work of such injured employee of the Insured was within the scope of such employee's employment, at the direction of the Insured, and was temporary and transitory in such other state provided the Insured is not insured or self-insured in such other state, and

   1. such other state is not listed as an exception in Item 5c of the Information Page;

   2. such injured employee was regularly employed in a state listed in Item 5a of the Information Page;

   3. the work in the other state was incidental to work in a state shown in Item 5a of the Information Page; and

   4. the work of such injured employee was not at a permanent or fixed location of the Insured subject to the Workers Compensation law in such other state.

B. For any workers compensation benefits awarded under the law of any other state except those listed in Item 5c of the Information Page, the Insurer will indemnify the Insured only to the extent that the other state benefits do not exceed benefits which would have been paid to such injured employee under the workers compensation law of the state in which such employee is regularly employed.

C. For any workers compensation benefits awarded under the U.S. Longshoremen's and Harbor Workers' Compensation Act, except if such Act is listed in Item 5c of the Information Page, the Insurer will indemnify the Insured only to the extent that those benefits do not exceed benefits which would have been paid to such injured employee under the workers compensation law of the state in which such employee is regularly employed.

## PART FOUR - INSURED'S RETENTION AND INSURER'S LIMIT OF INDEMNITY

A. Retention by Insured:

The Insured shall pay for its own account without other insurance, all loss up to the amount stated in Item 6 of the Information Page as Insured's Retention.

B. Limit of Indemnity by Insurer:

The Insurer will indemnify the Insured for loss over the amount stated as Insured's Retention in Item 6 of the Information Page. The limit of indemnity for Workers Compensation Insurance will not exceed the limit stated in Item 7a of the Information Page. The limit of indemnity for Employers Liability Insurance will not exceed the limit stated in Item 7b of the Information Page. The total indemnity for Workers Compensation and Employers Liability Insurance combined will not exceed in any event the limit stated in Item 7c of the Information Page.

C. How Retention and Limit of Indemnity Apply:

The Insured's Retention and Insurer's Limit of Indemnity stated on the Information Page apply to losses paid by the Insured as a qualified self-insurer of Workers Compensation and Employers Liability as follows:

1. To one or more employees because of bodily injury or death in any one accident.

2. To any one employee for bodily injury or death by disease.

The inclusion of more than one legal entity as Insured in Item 1 of the Information Page will not increase the Insured's Retention nor the Insurer's Limit of Indemnity.

D. Accident:

1. Accident means each accident or occurrence or series of accidents or occurrences arising out of any one event.

2. An accident is deemed to end 72 hours after the event commences. Each subsequent 72 hours is deemed to be a separate accident period.

E. Disease:

Disease is an accident only if it results directly from bodily injury by accident.

## PART FIVE - CLAIM EXPENSES

A. Claim expenses of the Insured mean its litigation costs, interest as required by law on awards or judgments, and its claim investigation or legal expenses which can be directly allocated to a specific claim. Claim expenses exclude: salaries and travel expenses of employees of the Insured, annual retainers, overhead and any fees it paid for claim administration.

B.  The Insurer will indemnify the Insured for a portion of the claim expenses incurred by the Insured. The amount of the indemnity will be the percentage of the Insured's claim expenses determined by the ratio that the amount of loss paid by the Insurer bears to the total amount of the loss. Such payments to indemnify the Insured for claim expenses are in addition to the Insurer's limit of indemnity.

C.  The Insurer has no duty to investigate, handle, settle or defend any claim, proceeding or suit against the Insured.

## PART SIX - PREMIUM

A.  Premium Determination:

   Premium will be determined on the basis of the entire payroll and other remuneration paid or payable to all employees and officers of the Insured.

   Remuneration includes 1 and 2 below:

   1.  Payroll, salaries, commissions, bonuses, overtime pay, pay for holidays, vacations, pay for piece work, payments under profit sharing or incentive plans, the value of lodging, apartments, and meals received by employees as part of their pay, and the value of store certificates, merchandise, credits, or any other substitute for money received by employees as part of their pay.

   2.  The entire amount received by any other person engaged in work which could make the Insured liable under Part One - Workers Compensation of this policy. This section 2 will not apply if the Insured gives proof to the Insurer that the employers of these persons lawfully secured their workers compensation obligations.

B.  Estimated Premium:

   The estimated premium shown on the Information Page is an estimate and is subject to verification by inspection or audit.

C.  Advance Premium:

   The advance premium stated in Item 8 of the Information Page is a deposit premium payable at the inception of this policy and will be retained by the Insurer until the end of each interim policy adjustment period.

D.  Earned Premium:

   The earned premium will be determined at the end of each interim policy adjustment period by use of actual, instead of estimated, premium base. The Insured will promptly pay such earned premium to the Insurer. If the earned premium exceeds premium previously paid, the Insured will promptly pay such excess to the Insurer. If such earned premium is less than premium previously paid, the Insurer will promptly return the balance to the Insured. The earned premium for each 12-month term of this policy will not be less than the Minimum Annual Premium stated in Item 8 of the Information Page.

E.  Termination of Policy:

The termination date of this policy will be deemed the end of the final interim policy adjustment period. If the earned premium upon termination of this policy exceeds premium previously paid, the Insured will pay such excess to the Insurer. If such earned premium is less than premium previously paid, the Insurer will return the balance to the Insured.

## PART SEVEN - CONDITIONS

A.  Notice of Accident:

   1.  The Insured shall give prompt written notice to the Insurer if a claim for an injury or disease occurs which appears to involve indemnity by the Insurer.

   2.  The Insured shall also give prompt written notice to the Insurer if an injury of the following type occurs:

       (a) a fatality;

       (b) an amputation of a major extremity;

       (c) any serious head injury (including skull fracture or loss of sight of either or both eyes);

       (d) any injury to the spinal cord;

       (e) any disability where it appears reasonably likely that there will be disability of more than one year; or

       (f) any second or third degree burn of 25% or more of the body.

   3.  Notice of accident given to the Insurer shall contain complete details on the injury, disease, or death. If a suit, claim or other proceeding is commenced because of an injury listed in above section 2 or on any injury which appears to involve indemnity by the Insurer, the Insured shall give the Insurer:

       (a) all notices and legal papers related to the claim, proceeding or suit, or copies of these notices and legal papers; and

       (b) copies of reports on investigations made by the Insured on such claims, proceedings, or suits.

B.  Duties of Insured and Insurer:

   1.  The Insurer has no duty to investigate, handle, settle or defend any claims, suits, or proceedings against the Insured.

2. The Insurer has the right and shall be given the opportunity by the Insured to associate with the Insured in the defense, investigation, or settlement of any claim, suit or proceeding which appears to involve indemnity by the Insurer. In such association, the Insured and Insurer shall cooperate in all aspects of defense, investigation, or settlement.

C. Appeals:

If the Insured does not appeal an award or judgment which exceeds the Insured's Retention, the Insurer has the right to take an appeal at its own cost and expense and shall be liable for costs, disbursements and interest related to the appeal. If the Insurer elects to appeal, the liability of the Insurer on such an award or judgment shall not exceed the limit of indemnity in Item 7 of the Information Page plus the cost and expense of such appeal.

D. Payment of Loss to Insured:

The Insurer will indemnify the Insured for any loss under this policy as follows:

1. For Part One - Workers Compensation Insurance and Part Three - Other States Insurance - the Insured will pay all benefits required of the Insured by the Workers Compensation Law. The indemnity by the Insurer will be made at monthly intervals after the Insurer has received proofs of payments by the Insured. Workers Compensation awards shall not be settled on a lump sum basis without written consent of the Insurer.

2. For Part Two - Employers Liability Insurance - if damages are awarded which the Insured legally must pay, the Insured shall pay such damages. The indemnity will be made within 30 days after the Insurer has received proof of payment by the Insured.

E. Subrogation - Recovery From Others:

1. The Insurer has the right to recover all payments which the Insurer has made to the Insured from anyone liable for such loss. If the Insured recovers from anyone liable for such loss, the Insurer shall first be reimbursed from such recovery to the extent of its payments to the Insured.

2. If the Insured does not commence an action or proceeding to recover damages from anyone liable for a loss paid by the Insurer, the Insurer has the rights of the Insured to recover damages from anyone liable for such loss. The Insured will do everything necessary to protect those rights and help the Insurer to enforce them. Any such recovery by the Insurer will be allocated as follows:

    (a) the Insurer will be reimbursed for all of its payments under this policy;

    (b) any balance of the recovery which remains after the Insurer has been reimbursed will be paid to the Insured.

3. Expenses of all proceedings to recover from anyone liable for injury covered by this policy will be allocated between the Insured and Insurer in the ratio represented by the allocation of any damages which have been recovered.

4. If such an action or proceeding undertaken solely by the Insurer results in no recovery, all related expenses will be paid by the Insurer.

5. If there is insurance coverage in excess of the Insurer's limit of indemnity under this policy and if subrogation recovery is obtained from anyone liable for loss, any such excess carrier will be reimbursed for any loss paid in excess of the Insurer's limit of indemnity before any reimbursement of the Insurer and Insured under the provisions of this Section E.

6. If there is no insurance coverage in excess of the Insurer's limit of indemnity and if there is a subrogation recovery in excess of the Insurer's limit of indemnity, the Insured will be reimbursed to the extent of any loss paid by the Insured in excess of the Insurer's limit of indemnity, before the Insurer is reimbursed under the provisions of this Section E.

F. <u>Actions Against Insurer</u>:

There will be no right of action against the Insurer unless the Insured has complied with all the terms of this policy.

G. <u>Other Insurance</u>:

If the Insured has other insurance, reinsurance, indemnity, or reimbursement agreement applicable to a loss for which the Insured would be indemnified under this policy, the indemnity under this policy will apply in excess of such other insurance, reinsurance, indemnity or reimbursement and will not contribute to such a loss with such other insurance, reinsurance, indemnity or reimbursement. This condition does not apply to other insurance, reinsurance, indemnity or reimbursement which the Insured has procured to apply in excess of the sum of the Insured's retention and the Insurer's limit of indemnity under this policy.

H. <u>Inspection</u>:

The Insurer has the right at any time, but is not obliged to inspect the Insured's operations and workplaces. Such inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. The Insurer may give reports to the Insured on the conditions found upon inspection. The Insurer does not undertake to perform the duty of any person to provide for the health or safety of the Insured's employees or the public. The Insurer does not warrant that the Insured's workplaces are safe or healthful or that they comply with laws, regulations, codes, or standards.

I. <u>Audit</u>:

The Insured will keep records needed to compute the premium in accordance with Part Six - Premium and send copies of those records when the Insurer asks for such records. The Insured will also send them to the Insurer at the end of each interim policy adjustment period and upon termination of this policy. The Insurer has the right to examine and audit all records of the Insured which relate to this policy, including ledgers, journals, registers, vouchers, contracts, tax reports, disbursement records and programs for storing and retrieving data. Information developed by audit will be used to determine earned and final premium. The Insurer has the right to conduct audits during regular business hours while this policy is in force and within three years after the final settlement of all claims or payments made on account of bodily injury to employees throughout the term of this policy.

J. <u>Assignment</u>:

An assignment of interest under this policy will not bind the Insurer unless an endorsement assigning interest under this policy is issued by the Insurer to be part of this policy.

K. <u>Bankruptcy or Insolvency of Insured</u>:

Bankruptcy or insolvency of the Insured will not relieve the Insurer of its duties and liabilities under this policy. After the Insured's retention has been reached, payments due under this policy will be made by the Insurer as if the Insured had not become bankrupt or insolvent, but not in excess of the Insurer's limit of indemnity. Such payments will be made to the Trustee in Bankruptcy or as a Court of competent jurisdiction may ultimately direct.

L. <u>Cancellation</u>:

The Insurer or Insured may cancel this policy at any time by advance written notice stating when the cancellation is to take effect. Such cancellation notice shall be not less than the number of days shown in Item 4 of the Information Page. If the Insurer cancels because of non-payment of premium by the Insured, the Insurer has the right to cancel this policy on ten days written notice to the Insured. Mailing notice of cancellation by registered or certified mail or delivery of such notice by personal service at the address shown in Item 2 of the Information Page will be sufficient to prove notice. If the Insured cancels this policy on a date other than at the end of any 12-month period following the effective date of this policy, the Insurer will determine earned premium in accordance with the short rate table in use by the Insurer. The Insured shall pay the earned premium determined for the cancelled policy. Any premium due the Insured will be returned promptly by the Insurer. Actual return of premium due the Insured is not a condition to the effectiveness of cancellation of this policy as provided in this Condition.

M. <u>Sole Representative</u>:

If more than one Insured is named in Item 1 of this policy, the Insured first named in Item 1 of the Information Page will act on behalf of all Insureds to give or receive notice of cancellation, receive return premium or indemnity, or request change in this policy.

N. <u>Policy Conforms To Law:</u>

If terms of this policy are in conflict with any law applicable to this policy, this statement amends this policy to conform to such law.

O. <u>Captions:</u>

The headings or captions used in this policy are for the purpose of reference only and shall not otherwise affect the meaning of this policy.

**IN WITNESS WHEREOF,** the Insurer has caused this policy to be signed by its President and Secretary in Stamford, Connecticut, but this policy shall not be binding on the Insurer unless countersigned by another officer or attorney-in-fact of the Insurer.

*[Signature]*
**Secretary**

*[Signature]*
**President**