G. ANDREW ADAMEK
CHAD E. ADAMS
DANIEL J. AUERBACH
KIMBERLY A. BEATTY
TROY L. BENTSON
SARA S. BERG
LEO BERRY
LAURA K. BUCHHOLTZ
CARLO J. CANTY
ABBIE N. CZIOK
MARK D. ETCHART
STEVE J. FITZPATRICK
OLIVER H. GOE
J. DANIEL HOVEN

JUDD M. JENSEN
KASEY R. KIMBALL
CATHERINE A. LAUGHNER
CHRISTY SURR McCANN
MICHAEL L. RAUSCH
BRIAN P. THOMPSON
EVAN M. THOMPSON
W. JOHN TIETZ
STEVEN T. WADE
LEO S. WARD
MORGAN M. WEBER
R. STEPHEN BROWNING (1940-2018)
STANLEY T. KALECZYC : Of COUNSEL



**BROWNING KALECZYC BERRY & HOVEN P.C.**
ATTORNEYS AT LAW
Bozeman • Great Falls • Helena • Missoula

Mailing Address
POST OFFICE BOX 1697
HELENA, MONTANA 59624-1697
TELEPHONE (406) 443-6820
bkbh@bkbh.com

Street Address
800 N. LAST CHANCE GULCH, #101
HELENA, MONTANA 59601-3351
TELEFAX (406) 443-6883
www.bkbh.com

March 12, 2020

Ms. Erika Snow
Assistant Vice President
Claims Division
Genesis Management and Insurance Services
P.O. Box 1215
Stamford, CT 06904

      Insured:     Montana Municipal Insurance Authority (MMIA)
      Employer:   City of Fort Benton ("Fort Benton")
      Employee:  Michael Skogen
      Reported Date of Injury:   7/23/1993
      Genesis Reference Number:  2086198

Dear Ms. Snow:

      I am writing in response to your Reservation of Rights letter dated October 31, 2019 to the Montana Municipal Insurance Authority (MMIA) regarding the City of Fort Benton's pending excess loss indemnification submission on a claim filed by Police Chief Michael Skogen. Throughout this letter references to MMIA include Fort Benton.

      As I understand your letter, GRC's reservation of rights/denial of the MMIA's request for excess loss indemnification is premised on untimely notice and an alleged failure to establish certain costs incurred on the claim arose out of the compensable injury of July 23, 1993. In this letter, I will address each of these issues.

      Pursuant to Montana law and the notice-prejudice rule as developed by Montana courts, substantive evidence of actual, material prejudice is required before an insurer can rely on a delay in notice to deny coverage. Here, GRC has identified no such prejudice. The Policy as well as Montana law require that the MMIA be solely responsible to investigate, handle, settle or defend any claim, proceeding or suit. MMIA has fully met such obligations. Had notice of the claim been provided earlier than August 17, 2018, it would have made no difference. The same medical and indemnity benefits would have been paid. GRC would have the same obligations under the Policy.



2212295/217

EXHIBIT F

RE: MMIA Regarding Michael Skogen
March 12, 2020
Page 2

In your letter, you allege that MMIA has paid benefits for medical treatment beyond the scope of his initial workers compensation injuries. This is not accurate. While working as police chief, Mr. Skogen was shot by a high-power rifle. The bullet went through his right axilla, through his lung and liver and to this day a fragment remains lodged in his vertebra at T-9. As a result of his gunshot wound, Mr. Skogen has been left with disabling chronic pain. Impressions by various providers have included chronic intractable neuropathic pain secondary to intercostal nerve injury; myofascial lumbar pain secondary to muscle and nerve injury occurring with gunshot wound; radicular thoracic pain with hyperventilation syndrome; injuries to 4 nerve roots; radicular pain secondary to previous nerve injury; major depression order; pain disorder associated with both a general medical condition and psychological factors; and panic episodes secondary to chronic pain. This list is not intended to be all inclusive. Mr. Skogen has been treated and evaluated by numerous medical providers with multiple different modalities and medications being recommended and tried. There is simply no basis to reasonably conclude that treatment authorized and paid for by the MMIA exceeded the scope of his initial injury. I have attached for your review just a few of the many medical records that support the MMIA's position.

The MMIA has reviewed its claim file to investigate your assertion that MMIA paid for treatment for a prostate infection and testosterone injections. MMIA is aware that it denied a request for Ciproflaxcin that is commonly prescribed for prostrate infections. MMIA also denied prescriptions for Testosterone Cypionate. Please provide supporting evidence for your contention that the MMIA paid for treatment unrelated to the compensable injury.

The MMIA has previously provided you with all the medical records related to the claim. MMIA also previously provided GRC with a payment history which reflects that as of 8/17/18, GRC's obligation to the MMIA was $230,931.38. Currently, such obligation is $328,853.98. And, as the MMIA continues to pay indemnity and medical benefits as required by law, this amount will continue to increase.

In your letter, you request the complete legal file. There is no such file in that there have been no administrative or court proceedings related to Mr. Skogen's claim.

Attached is a claims history for Mr. Skogen. On the 8/23/99 claim, a total of $316.29 in medical benefits were paid. On the 9/18/03 claim, a total of $246.24 in medical benefits were paid.

As to Mr. Skogen's work history, he was hired as the Police Chief on 6/3/1987. He retired due to his disability on 9/1/04. Attached is a Job Description.

RE: MMIA Regarding Michael Skogen
March 12, 2020
Page 3

      Please reconsider GRC's position and commence payments to the MMIA for the losses it has incurred.

                Sincerely,

                BROWNING, KALECZYC, BERRY & HOVEN, P.C.

                By_____
                  Oliver H. Goe

Encs.
cc:    Alan Hulse
       Ann Komac